STATE OF HAWAII, Plaintiff,

v.

STANDARD OIL COMPANY OF CALI-
FORNIA, Union Oil Company of Cali-
fornia, Shell Oil Company, and Chev-
ron Asphalt Company, Defendants.

Civ. No. 2826.

United States District Court
D. Hawaii.

June 4, 1969.

Bert T. Kobayashi, Atty. Gen., of Ha-
waii, Gilbert K. Hara, Joseph Kinoshita,
Deputy Attys. Gen., Dept. of the Atty.
Gen., Honolulu, Hawaii, Law Offices of
Joseph L. Alioto, Joseph L. Alioto, Max-
well M. Blecher, Francis O. Scarpulla,
San Francisco, Cal., for plaintiff.

Francis R. Kirkham, Richard J.
MacLaury, James B. Atkin, Pillsbury,
Madison & Sutro, San Francisco, Cal.,
Daniel H. Case, Pratt, Moore, Bortz &
Case, Roy A. Vitousek, Jr., Honolulu,
Hawaii, for defendants Standard Oil and
Chevron Asphalt.

L. A. Gibbons, Douglas C. Gregg, E.
A. McFadden, Los Angeles, Cal., Moses
Lasky, Malcolm T. Dungan, Brobeck,
Phleger & Harrison, San Francisco, Cal.,
Frank D. Padgett, Honolulu, Hawaii, for
defendant Union Oil.

Gilbert E. Cox, William M. Swope,
Smith, Wild, Beebe & Cades, Honolulu,
Hawaii, S. R. Vadivort, New York City,
William Simon, Richard T. Colman, How-
rey, Simon, Baker & Murchison, Wash-
ington, D. C., for defendant Shell Oil.

ORDER

VACATING ORAL ORDER RE
CERTIFICATION

PENCE, Chief Judge.

At the hearing on various motions by
defendants, held in this court on May 29,
1969, after the court had denied a mo-
tion by defendants Shell Oil Company
and Union Oil Company of California to
transfer this case to a forum outside
Hawaii, those defendants requested cer-
tification of the order of denial to the
Court of Appeals. Because there were
so many other motions to be heard

thereafter, to avoid time-consuming argument, the court deferred ruling on defendants' request. At the conclusion of the hearing, and immediately after the court had denied defendants' motion to dismiss plaintiff's Count II, *parens patriae* count, D.C., 301 F.Supp. 982 defendants moved for certification of the court's ruling on that motion to the Court of Appeals. This motion was granted, the court recognizing that its ruling involved a controlling and controversial question of law suitable for an interlocutory appeal.

Defendants Shell and Union thereupon again urged that the court permit a similar interlocutory appeal from the court's ruling and oral order denying their motion for transfer of the cause to another forum. This court then committed error.

The argument of counsel upon their transfer motion had been prolonged, strong and intense; the sincere belief of counsel as to the correctness of their motion was manifest. Unfortunately for them, this court did not agree with their position and, as indicated, the court's ruling was against them. Moreover, this court had just ruled against the defendants and had allowed interlocutory appeal. The court's reaction at the moment of the re-urging of an interlocutory appeal on the transfer motion was, regretfully, more visceral than mental, so the court responded by saying, in effect, that since the defendants were "going up" on one issue they might as well go up on the other, and thereupon orally stated that it would certify the question.

■ Over the ensuing three-day holiday, the court mentally reviewed the arguments and legal questions covered at the hearing and, *sua sponte*, became convinced of its error in agreeing to certification of the transfer question. The court realized that it had bypassed its responsibility under 28 U.S.C. § 1292(b), viz., that it primarily determine that there be a substantial ground for difference of opinion on the question of law and that an immediate appeal from the order might materially advance the ultimate termination of the litigation.[1]

■ As the oral statements of the court at the time that it denied defendants' motion for transfer indicate, the court felt the motion was at best premature, couched as it was (a) upon the effect past publicity would have at the time of trial, if the trial were in Hawaii, and (b) upon the premise that the court itself, because the judge was a resident of Hawaii and a consumer of gasoline, might be unduly influenced by personal considerations or because of "hometown" loyalties, in resolving the multitude of legal questions certain to develop, and therefore should gracefully step aside and transfer this complex and protracted case to some mainland judge. On either basis the court then felt and still feels that there was no substantial ground for differing from the court's decision. This case is nowhere near trial—it is still in the primary pleading stage. The time to determine the effect of pretrial publicity on a trial is when the trial is imminent. Transfer at this stage would not advance the ultimate termination one foreseeable moment. Moreover, rather than the judge then taking an action tantamount to recusing himself because of defendants' nebulously created mirage of possible personal interest, rather than bowing out, the judge's greater duty was to remain on the case.[2] This court recognizes that it has an obligation both on the district and appellate level to avoid increasing

1. Chas. Pfizer & Co. v. Laboratori Pro-Ter Prodotti Therapeutici, 278 F.Supp. 148, 154 (S.D.N.Y.1967); Benton Harbor Malleable Industries v. International U., U. A., A. I. W., 355 F.2d 70 (6 Cir. 1966).

2. "There is as much obligation upon a judge not to recuse himself when there is no occasion as there is for him to do so when there is." In Re Union Leader Corporation, 292 F.2d 381 (1 Cir. 1961), cert. denied 368 U.S. 927, 82 S.Ct. 361, 7 L.Ed.2d 190 (1961).

the workload of fellow judges unless legally impossible.

For the above reasons, the oral order of this court of May 29, 1969, that it would be prepared to certify the motion for transfer to the Court of Appeals is Vacated, and defendants' motion for certification is Denied.